No. 109,303

STATE OF KANSAS, *Appellee*, v. TERRY L. GILBERT, *Appellant*.
(326 P.3d 1060)

Opinion filed June 6, 2014.

*Gerald E. Wells*, of Lawrence, was on the brief for appellant.

*Ellen Hurst Mitchell*, county attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

BILES, J.: Terry L. Gilbert appeals the summary denial of a pro se motion entitled "Motion to Correct Illegal Sentence," which was filed more than 10 years after he was sentenced for felony murder. Gilbert claims his sentence is illegal because the standard used at

his trial for issuing lesser included offense instructions in felony-murder cases was overruled over a decade later. See *State v. Berry*, 292 Kan. 493, 513-14, 254 P.3d 1276 (2011) (overruling judicially created felony-murder instruction rule that had permitted lesser included offense instructions only when evidence of the underlying felony was weak, inconclusive, or conflicting), *superseded by statute as stated in State v. Phillips*, 295 Kan. 929, 934, 287 P.3d 245 (2012).

The district court treated the pro se motion as a motion to correct an illegal sentence, and Gilbert's appellate counsel argues the pro se motion should have been liberally construed as invoking K.S.A. 60-1507(a) (prisoner in custody may claim sentence imposed in violation of state or federal Constitution). Had this happened, Gilbert reasons, the district court should have determined whether Gilbert's untimely claim could be brought under the manifest injustice exception in K.S.A. 60-1507(f)(2) (court may extend 1-year time limitation in K.S.A. 60-1507[f][1] to prevent manifest injustice).

We affirm the district court's construction of Gilbert's pleading as a motion to correct an illegal sentence. We acknowledge pro se pleadings are to be liberally construed to give effect to their content rather than adhering to any labels and forms used to articulate the pro se litigant's arguments. *State v. Kelly*, 291 Kan. 563, 565-66, 244 P.3d 639 (2010) (based on allegations in the pleading, district court erred in construing pro se motion only under K.S.A. 60-1507, rather than as a motion to withdraw plea). But the content of Gilbert's motion specifically cites and applies rules governing motions to correct illegal sentences. It does not allege the manifest injustice required to bring an untimely motion under K.S.A. 60-1507. Liberal rules of construction cannot transform the reality of a pleading's content or the arguments being advanced, even when a litigant is pro se.

We also affirm the summary denial of the motion because Gilbert's jury instruction claim cannot be raised in a motion to correct an illegal sentence. Gilbert challenges his conviction, not the sentence imposed. See *State v. Trotter*, 296 Kan. 898, 902, 295 P.3d 1039 (2013).

### FACTUAL AND PROCEDURAL BACKGROUND

In 1999, a jury convicted Gilbert of first-degree felony murder, aggravated robbery, aggravated burglary, and criminal damage to property for crimes occurring on or around September 14, 1998. He was sentenced to life imprisonment for the murder conviction. In his direct appeal, Gilbert argued in part that he was prejudiced by the district court's failure to issue lesser included offense instructions for felony murder. The court held Gilbert was not entitled to lesser included offense instructions under the rule prevailing at that time that such instructions were only required if evidence of the underlying felony was weak, inconclusive, or conflicting. Gilbert's convictions were affirmed. *State v. Gilbert*, 272 Kan. 209, 213-15, 32 P.3d 713 (2001). In 2011, this court overruled that prevailing rule.

In *Berry*, this court held that felony murder should no longer be treated differently than other crimes for the purposes of lesser included offense instructions, noting K.S.A. 22-3414's requirement that lesser included offense instructions should be issued if there is some evidence that would reasonably justify the conviction of the lesser included crime also applied to felony-murder instructions. *Berry*, 292 Kan. at 513-14. Pertinent to this appeal, the *Berry* court also held its ruling should be applied to all pending cases not yet final. 292 Kan. 493, Syl. ¶ 7.

But *Berry*'s impact was short-lived. The legislature modified the statute governing lesser included offenses to explicitly state there are no lesser included offenses to felony murder. K.S.A. 2013 Supp. 21-5109(b)(1) (effective July 1, 2012). Gilbert filed his pro se motion entitled "Motion to Correct Illegal Sentence" on August 24, 2012.

Citing *Berry*, Gilbert argued the district court committed structural error in 1999 and deprived him of his defense theory by failing to instruct the jury on lesser included offenses of felony murder. And recognizing *Berry* applied to pending cases not yet final, Gilbert argued there is no finality to an illegal sentence because an illegal sentence can be corrected at any time under K.S.A. 22-3504(1) ("The court may correct an illegal sentence at any time.").

Gilbert argued his sentence was illegal because his felony-murder sentence was "a product of [the district] court's failure to conform to the statutory provision K.S.A. 22-3414(3) and K.S.A. 22-2103 as a consequence." K.S.A. 22-2103 provides: "This code is intended to provide for the just determination of every criminal proceeding. Its provisions shall be construed to secure simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay."

The State responded that Gilbert's sentence was not illegal. It noted the trial court had jurisdiction and that the sentence both conformed to the applicable statutory provisions and was not ambiguous. The State also addressed the merits of Gilbert's claim that *Berry* should apply to his collateral attack on the judgment. It recited the general principle that new rules of criminal procedure apply only to cases not yet final. It also argued *Berry* was inapplicable because Gilbert's convictions were final, *i.e.*, his direct appeal to this court was concluded. The State further argued that any limited exceptions to that rule did not apply, citing *Hollingsworth v. State*, No. 106,357, 2012 WL 718971, at *7 (Kan. App. 2012) (unpublished opinion) (declining to apply *Berry* retroactively in collateral attack on conviction because conviction was final in 2009), *rev. denied* 297 Kan. 1245 (2013).

The district court summarily denied Gilbert's motion, finding it raised no genuine factual or legal issues. It addressed the substance of Gilbert's *Berry* argument "[n]otwithstanding the fact that Mr. Gilbert raises alleged trial errors in a Motion to Correct Illegal Sentence." It held Gilbert's case was not pending at the time *Berry* was decided, rendering *Berry* inapplicable.

Gilbert appealed. This court's jurisdiction arises under K.S.A. 2013 Supp. 22-3601(b)(3); see *State v. Pennington*, 288 Kan. 599, 599, 205 P.3d 741 (2009) (jurisdiction over appeal of motion to correct illegal sentence lies with court that had jurisdiction to hear original appeal).

### SUMMARY DENIAL OF MOTION TO CORRECT ILLEGAL SENTENCE

The first issue is whether the district court erred by summarily denying Gilbert's motion.

*Standard of Review*

An appellate court reviews a district court's summary denial of a motion to correct an illegal sentence under K.S.A. 22-3504 de novo because the reviewing court has the same access to the motions, records, and files. *Trotter*, 296 Kan. at 901. This court, like the district court, must determine whether the documents conclusively show the defendant is not entitled to relief. 296 Kan. at 901-02.

Whether a sentence is illegal is a question of law over which this court has unlimited review. This court has defined an "illegal sentence" under K.S.A. 22-3504 as: (1) a sentence imposed by a court without jurisdiction; (2) a sentence that does not conform to the applicable statutory provision, either in character or the term of authorized punishment; or (3) a sentence that is ambiguous with respect to the time and manner in which it is to be served. 296 Kan. at 902.

*Discussion*

Gilbert argues his instructional error claim fits within the second category—his sentence does not conform to applicable statutory provisions—because failure to issue lesser included offense instructions on the felony-murder charge violated K.S.A. 22-3414(3), which requires lesser included offense instructions "where there is some evidence which would reasonably justify a conviction of some lesser included crime."

As the district court stated, Gilbert's instructional error claim is a challenge to his conviction, not his sentence. This is evident because the proper remedy for the failure to issue a lesser included offense instruction is to reverse Gilbert's conviction—not impose a different sentence. See *State v. Qualls*, 297 Kan. 61, 72-73, 298 P.3d 311 (2013) (reversing conviction for failure to instruct on lesser included offense of voluntary manslaughter).

K.S.A. 22-3504 is solely a vehicle to correct a sentence. It is not a mechanism to reverse a conviction. *Trotter*, 296 Kan. at 902; *State v. Williams*, 283 Kan. 492, 495-96, 153 P.3d 520 (2007) (stating K.S.A. 22-3504 is "not a vehicle for a collateral attack on a conviction"). This court has repeatedly applied this principle to reject a

motion to correct an illegal sentence in the context of challenges to a defective complaint, noting the defendant must obtain a reversal of his conviction to overturn his sentence based on a defective complaint. *Trotter*, 296 Kan. at 904; *State v. Sims*, 294 Kan. 821, 825, 280 P.3d 780 (2012). Given this well established rule, the district court did not err by summarily denying Gilbert's instructional error claim in the context of a motion to correct an illegal sentence.

## CONSTRUING PLEADING AS A K.S.A. 60-1507 MOTION

Gilbert also argues the district court erred by treating his motion as a motion to correct an illegal sentence. He contends the district court should have treated it as a K.S.A. 60-1507 motion.

### Standard of Review

"Pro se pleadings are liberally construed, giving effect to the pleading's content rather than the labels and forms used to articulate the defendant's arguments. A defendant's failure to cite the correct statutory grounds for his or her claim is immaterial." *Kelly*, 291 Kan. at 565. Whether the district court correctly construed a pro se pleading is a question of law subject to unlimited review. 291 Kan. at 565.

### Discussion

K.S.A. 60-1507(f) requires a motion under the statute to be brought within 1 year of the final order of the last appellate court or the denial of a petition for writ of certiorari to the United States Supreme Court. But that time limitation may be extended "to prevent a manifest injustice." K.S.A. 60-1507(f)(2). Gilbert recognizes the 1-year time limit expired years ago, so he necessarily argues the district court should have determined whether resolving his motion was necessary to prevent manifest injustice—assuming the pleading may properly be construed as being brought under K.S.A. 60-1507.

Under this court's rules of construction, the pleading's content governs. *Makthepharak v. State*, 298 Kan. 573, 581, 314 P.3d 876 (2013); *Kelly*, 291 Kan. at 565. Gilbert titled his pleading as a "Motion to Correct Illegal Sentence." And he acknowledges this court

has defined an illegal sentence as "one which does not conform to the statutory provisions." Applying that rule, he argues his sentence does not conform to the statutory provisions governing lesser included offenses in light of this court's *Berry* decision. Moreover, Gilbert specifically argues he can raise this issue now despite this court's holding in *Berry* that the new rule only applies to pending cases because that rule does not apply to motions to correct an illegal sentence. Gilbert's theory is that "there is no finality in an illegal sentence."

The substance of his pleading is that of a motion to correct an illegal sentence. There is nothing in it that can reasonably be read as raising a K.S.A. 60-1507 motion. Most noticeably, Gilbert claimed his motion was timely because it was a motion to correct an illegal sentence, which carries no time restriction, as opposed to a K.S.A. 60-1507 motion, which does. K.S.A. 60-1507(f). And he did not argue the manifest injustice necessary to permit an untimely K.S.A. 60-1507 motion.

In *State v. Holt*, 298 Kan. 469, 480, 313 P.3d 826 (2013), this court described manifest injustice as meaning " ' "obviously unfair" ' " or " ' "shocking to the conscience." ' " In that case, we upheld the summary dismissal of a K.S.A. 60-1507 motion when the defendant failed to cite any facts supporting his bald assertion of manifest injustice. The *Holt* court held that the defendant failed to demonstrate he was entitled to the K.S.A. 60-1507(f) time extension because he did not point to any specific facts supporting his claim of manifest injustice and held the district court correctly declined to reach the merits of the claim. 298 Kan. at 481.

In his motion, Gilbert did not assert manifest injustice, much less facts supporting such a contention. We hold that the failure to allege manifest injustice not only weighs against construing the motion as one falling under K.S.A. 60-1507, but it also supports a conclusion that any K.S.A. 60-1507 argument was insufficiently raised to warrant review by the district court.

Affirmed.

MORITZ, J., not participating.