NOT DESIGNATED FOR PUBLICATION

No. 112,934

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TIMOTHY D. COOKE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Brown District Court; JAMES A. PATTON, judge. Opinion filed September 18, 2015. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2014 Supp. 21-6820(g) and (h).

Before MCANANY, P.J., GARDNER, J., and WALKER, S.J.

*Per Curiam*:  Timothy D. Cooke pled no contest to sexual exploitation of a child and two counts of unlawful voluntary sexual relations. The district court sentenced him to a controlling term of 32 months' imprisonment and ordered 24 months' postrelease supervision. After sentencing, the State requested that the sentencing court correct Cooke's sentence, asserting that K.S.A. 2014 Supp. 22-3717(d)(1)(G) provides that an offender convicted of a sexually violent crime is required to serve lifetime postrelease supervision. The district court granted the State's motion, and Cooke appeals. He contends the district court acted without jurisdiction when it changed his sentence after it was announced from the bench at sentencing and the State did not appeal. He also contends the imposition of lifetime postrelease supervision is unconstitutional.

1

Cooke moved for summary disposition in lieu of briefing pursuant to Supreme Court Rule 7.041A (2014 Kan. Ct. R. Annot. 66). We granted Cooke's motion.

Generally, courts do not have jurisdiction to increase legally imposed sentences. *State v. Ballard*, 289 Kan. 1000, 1010, 218 P.3d 432 (2009). But illegal sentences— which include those that do not conform to the statutory provision setting out the sentence—can be corrected at any time. See K.S.A. 22-3504(1); *State v. Gilbert*, 299 Kan. 797, 799, 326 P.3d 1060 (2014).

At the hearing, the State argued that Cooke's initial sentence was illegal because K.S.A. 2014 Supp. 22-3717(d)(1)(G) requires that any person convicted of a sexually violent crime—including sexual exploitation of a child—must receive lifetime postrelease supervision. The statute provides:

> "(d)(1) Persons sentenced for crimes, other than off-grid crimes, committed on or after July 1, 1993, or persons subject to subparagraph (G), will not be eligible for parole, but will be released to a mandatory period of postrelease supervision upon completion of the prison portion of their sentence as follows:
>
> . . . .
>
> "(G) Except as provided in subsection (u), persons convicted of a sexually violent crime committed on or after July 1, 2006, and who are released from prison, shall be released to a mandatory period of postrelease supervision for the duration of the person's natural life.
>
> . . . .
>
> "(5) As used in this subsection, 'sexually violent crime' means:
>
> . . . .
>
> "(H) sexual exploitation of a child, K.S.A. 21-3516, prior to its repeal, or K.S.A. 2014 Supp. 21-5510, and amendments thereto." K.S.A. 2014 Supp. 22-3717(d)(1)(G) and (d)(5)(H).

2

Cooke was convicted of a sexually violent crime, and K.S.A. 2014 Supp. 22-3717(d)(1)(G) requires lifetime postrelease supervision. His original sentence was illegal because he received only 24 months of postrelease supervision. As such, the district court did not err in correcting it.

For the first time on appeal, Cooke contends the imposition of lifetime postrelease supervision is cruel and unusual punishment under the Eighth Amendment to the United States Constitution and § 9 of the Kansas Constitution Bill of Rights. As stated in *State v. Naputi*, 293 Kan. 55, 67, 260 P.3d 86 (2011): "We have repeatedly stated that the issue of cruel and/or unusual punishment will not be reviewed for the first time on appeal because it requires the district court's findings upon the three-part test established in *State v. Freeman*, 223 Kan. 362, 367, 574 P.2d 950 (1978). [Citations omitted.]"

The constitutionality of the lifetime postrelease supervision was never considered by the district court. Hence, we have no findings under *Freeman* to review. Cooke does not request a remand to the district court for it to conduct a fact-specific analysis under *Freeman*. Further, Cooke provides no argument or explanation as to why lifetime postrelease supervision constitutes cruel and unusual punishment in this case. A point raised on appeal but not argued is deemed abandoned. *State v. Anderson*, 291 Kan. 849, 858, 249 P.3d 425 (2011). Cooke has abandoned this issue.

Affirmed.