NOT DESIGNATED FOR PUBLICATION

No. 113,240

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

TERRY LEE GILBERT,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.


MEMORANDUM OPINION

Appeal from Saline District Court; JARED B. JOHNSON, judge. Opinion filed August 19, 2016. Affirmed.

*Nancy Ogle*, of Ogle Law Office, L.L.C., of Wichita, for appellant.

*Ellen Hurst Mitchell*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before POWELL, P.J., PIERRON and ATCHESON, JJ.

*Per Curiam*: Terry Lee Gilbert appeals from a ruling of the Saline County District Court denying his habeas corpus motion filed under K.S.A. 60-1507 as successive and untimely. He argues the statutory limitations on repetitive and late 60-1507 motions violate the Supremacy Clause of the United States Constitution. We find the argument legally unavailing and, therefore, affirm the district court.

The issue, as Gilbert frames it, is exceptionally narrow and presents a question of law addressing the interplay of the Supremacy Clause, U.S. Const., art. VI, cl. 2, and the general prohibition on serial habeas corpus motions in K.S.A. 60-1507(c) and the 1-year

1

deadline for filing those motions in K.S.A. 60-1507(f)(1). The circumstances of Gilbert's convictions and his earlier efforts to upend them are irrelevant to the issue before us. We mention them briefly for context. A little more than 16 years ago, a jury convicted Gilbert of felony murder, aggravated robbery, aggravated burglary, and criminal damage to property. He received a controlling sentence of life in prison plus 81 months and likely will become parole eligible in the next several years. The Kansas Supreme Court affirmed Gilbert's convictions on direct appeal in 2001. *State v. Gilbert*, 272 Kan. 209, 215, 32 P.3d 713 (2001). For the curious, that case and *State v. Branning*, 271 Kan. 877, 26 P.3d 673 (2001), involving a codefendant, recount details about the crimes.

In early 2003, Gilbert filed a 60-1507 motion asserting constitutional deficiencies in his trial and the resulting convictions. The district court denied the motion, and Gilbert did not appeal. Four years ago, Gilbert filed a motion to correct an illegal sentence based on changes in the law governing felony murder. The district court denied Gilbert relief on that theory, and the Kansas Supreme Court affirmed. *State v. Gilbert*, 299 Kan. 797, 803, 326 P.3d 1060 (2014).

In June 2014, Gilbert filed this 60-1507 motion, his second. The district court summarily denied the motion as successive in light of the 2003 motion and untimely, since it was filed well beyond the 1-year time limit. Gilbert has appealed the denial; that is what we have in front of us.

Gilbert contends the statutory restrictions on 60-1507 motions impermissibly interfere with federally protected rights and, therefore, may not be enforced. He says their enforcement violates the Supremacy Clause. We disagree.

In pertinent part, the Supremacy Clause states:  "This Constitution, and the Laws of the United States which shall be made in Pursuance thereof . . . shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the

2

Constitution or Laws of any State to the contrary notwithstanding." U.S. Const., art. VI, cl. 2. This court recently outlined "the purpose and effect" of the provision this way:

> "The Supremacy Clause renders state statutes and common law ineffective to the extent they materially conflict with or impede federal law. *Cipollone v. Liggett Group, Inc.*, 505 U.S. 504, 516, 112 S. Ct. 2608, 120 L. Ed. 2d 407 (1992); *Hillsborough County v. Automated Medical Labs., Inc.*, 471 U.S. 707, 712-13, 105 S. Ct. 2371, 85 L. Ed. 2d 714 (1985) ('It is a familiar and well-established principle that the Supremacy Clause, U.S. Const., Art. VI, cl. 2, invalidates state laws that "interfere with, or are contrary to," federal law.') (quoting *Gibbons v. Ogden*, 22 U.S. [9 Wheat.] 1, 6 L. Ed. 23 [1824])." *State v. Franco*, 49 Kan. App. 2d 924, 934-35, 319 P.3d 551 (2014), *rev. denied* 301 Kan. 1049 (2015).

See also *Board of Miami County Comm'rs v. Kanza Rail-Trails Conservancy, Inc.*, 292 Kan. 285, 294, 255 P.3d 1186 (2011) ("Simply put, the Supremacy Clause invalidates state laws that interfere with, or are contrary to, federal law.").

In his briefing, Gilbert did not identify a particular part of the United States Constitution or a federal statute imperiled by the limitations on successive or late 60-1507 motions. At oral argument, Gilbert's lawyer clarified that Gilbert contends the restrictions sufficiently contravene the procedural due process protections of the Fourteenth Amendment to the United States Constitution to run afoul of the Supremacy Clause.

As outlined by the United States Supreme Court, constitutionally protected procedural due process requires that a person be afforded a right to be heard in a meaningful way in conjunction with a deprivation of "life, liberty, or property." U.S. Const. amend. XIV, § 1; *Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976) ("The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.' [Citation omitted.]"); *Mullane*

3

*v. Central Hanover Bank & Tr. Co.*, 339 U.S. 306, 313, 70 S. Ct. 652, 94 L. Ed. 865 (1950) (The Due Process Clause "at a minimum" requires that "deprivation of life, liberty or property by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case."). The Kansas Supreme Court similarly defines due process rights. *State v. King*, 288 Kan. 333, 354, 204 P.3d 585 (2009); *Winston v. Kansas Dept. of SRS*, 274 Kan. 396, 409-10, 49 P.3d 1274 (2002). The nature and extent of the due process protections must be calibrated to the significance of the protected interest—here Gilbert's liberty. *Mathews*, 424 U.S. at 349. The more important the interest at stake, the more elaborate the protections. See *Goldberg v. Kelly*, 397 U.S. 254, 262-63, 90 S. Ct. 1011, 25 L. Ed. 2d 287 (1970).

We fail to see how the restrictions on 60-1507 motions deprive Gilbert or others of procedural due process. First, of course, a criminal defendant may challenge his or her convictions on direct appeal, providing broad protection against legal errors compromising the fundamental right to a fair trial. The defendant may then file a 60-1507 motion to address constitutional defects in the proceedings, including ineffective assistance of counsel during trial and on direct appeal. Those protections afford a significant degree of additional procedural due process.

As we have said, criminal defendants are expected to bring all of their constitutional claims of error in a single 60-1507 motion, and the motion must be filed within a year after the avenues for direct judicial review have been exhausted. See K.S.A. 60-1507(c), (f); see also *State v. Fraley*, No. 113,178, 2016 WL 3219099, at *2 (Kan. App. 2016) (unpublished opinion); *Clark v. State*, No. 109,982, 2014 WL 4916462, at *1 (Kan. App. 2014) (unpublished opinion), *rev. denied* 302 Kan. 1008 (2015). But those restrictions on 60-1507 motions are not absolute and will yield in exceptional circumstances to avoid manifest injustice.

4

When Gilbert filed his second 60-1507, the Kansas Supreme Court had just issued *Vontress v. State*, 299 Kan. 607, 325 P.3d 1114 (2014), outlining factors to be considered in assessing manifest injustice that would allow an otherwise barred 60-1507 motion. The court identified relevant considerations to include:  (1) persuasive reasons for failing to file a timely motion; (2) substantial legal or factual grounds indicative of a claim "deserving of the district court's consideration" on the merits; and (3) a "colorable claim" of actual innocence. 299 Kan. at 616. The Kansas Legislature amended K.S.A. 60-1507(f), effective July 1, 2016, to tie relief from the 1-year filing period to reasons the deadline was missed or to a "colorable claim of actual innocence." We need not plumb the contours of the amendment. The relevant point here is that under either the common-law *Vontress* test or the recently amended version of K.S.A. 60-1507, a movant may obtain a reprieve from the time bar in certain meritorious situations. And the same remains true of the general prohibition on successive motions. Those mechanisms afford yet another, albeit limited, layer of procedural due process protection against a constitutionally deficient conviction.

Gilbert does not contend the grounds for his second motion bring him within the scope of *Vontress* or the amended version of 60-1507. That is, he does not seek relief from the prohibitions on successive or untimely 60-1507 motions because of the merits of his particular case. Rather, he submits those limitations cannot be applied to any successive or late motion as a matter of law because they violate the Supremacy Clause. We hold that the restrictions on habeas corpus motions codified in K.S.A. 60-1507 do not categorically impair constitutionally protected procedural due process rights in a way that offends the Supremacy Clause. In turn, we reject Gilbert's Supremacy Clause argument.

As an alternative ground for relief, Gilbert contends K.S.A. 60-2606, providing an amorphous fail-safe for the courts to protect "a substantive right" that might otherwise be lost under the Code of Civil Procedure, entitles him to file a successive, untimely habeas corpus motion. The Kansas Supreme Court has rejected that specific argument, finding

K.S.A. 60-2606 to be inapplicable to direct or collateral attacks on criminal convictions. *State v. Kingsley*, 299 Kan. 896, 896, 326 P.3d 1083 (2014) ("We . . . hold that relief from a criminal conviction cannot be obtained pursuant to . . . K.S.A. 60-2606.); see also *State v. Sellers*, 301 Kan. 540, 544, 344 P.3d 950 (2015) (recognizing rule in *Kingsley*). The holding in *Kingsley* is dispositive and disposes of Gilbert's argument adversely to him. We need not consider the intriguing possibilities as to when K.S.A. 60-2606 might be properly invoked. The court has unmistakably said it doesn't apply here. That's the end of the matter.

Affirmed.