NOT DESIGNATED FOR PUBLICATION

No. 116,000

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOHNATHAN D. SHULTZ,
*Appellant*.

MEMORANDUM OPINION

Appeal from Marion District Court; MICHAEL F. POWERS, judge. Opinion filed December 16, 2016. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2015 Supp. 21-6820(g) and (h).

Before MALONE, C.J., PIERRON and BRUNS, JJ.

*Per Curiam*:  Johnathan Shultz appeals the district court's denial of his motion to correct illegal sentence. We granted Shultz's motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67). The State has filed no response.

On January 9, 2009, Shultz pled no contest to two counts of rape, each an off-grid person felony. On April 9, 2009, pursuant to the plea agreement, the district court imposed a downward departure sentence of 216 months in prison.

On August 10, 2015, Shultz filed a motion to correct illegal sentence. In the motion, Shultz argued that the district court erred by including a 1991 juvenile burglary

1

adjudication, scored as a person felony, in the calculation of his criminal history score. The district court denied the motion and pointed out that even if Shultz's burglary adjudication had been scored as a nonperson offense, this would not have affected Shultz's plea-negotiated downward departure sentence of 216 months in prison. The district court also noted that an incorrect criminal history score in this case does not preclude Shultz from objecting to his criminal history calculation in future cases and does not shift the burden to Shultz to prove his criminal history. Shultz timely appealed.

On appeal, Shultz argues that the district court "erred by failing to amend his criminal history." Shultz points out that the Kansas Supreme Court has held that pre-1993 Kansas burglary convictions must be scored as nonperson felonies for purposes of calculating criminal history. See *State v. Dickey*, 301 Kan. 1018, 1036-40, 350 P.3d 1054 (2015). However, Shultz acknowledges that his current crimes of convictions are off-grid felonies and he received a plea negotiated sentence of 216 months' imprisonment, which was not based on the calculation of his criminal history score.

An appellate court has unlimited review over the question of whether a sentence is illegal. *State v. Gilbert*, 299 Kan. 797, 801, 326 P.3d 1060 (2014). An illegal sentence is: (1) a sentence imposed by a court without jurisdiction; (2) a sentence that does not conform to the applicable statutory provision, either in character or term of authorized punishment; or (3) a sentence that is ambiguous with respect to the time and manner in which it is to be served. *State v. Lewis*, 299 Kan. 828, 858, 326 P.3d 387 (2014).

We agree with Shultz that his 1991 burglary adjudication should be scored as a nonperson felony based on our Supreme Court's decision in *Dickey*. But as the district court pointed out in denying the motion, Shultz's sentence was not based upon the calculation of his criminal history score. As the district court also noted, an incorrect criminal history score in this case does not preclude Shultz from objecting to his criminal history in future cases and the burden does not shift to Shultz to prove his criminal

2

history based on the calculation in this case. See *State v. Schow*, 287 Kan. 529, 539-40, 197 P.3d 825 (2008).

Shultz makes no claim that his sentence for his rape convictions was imposed by a court without jurisdiction; that his sentence does not conform to the applicable statutory provision, either in character or term of authorized punishment; or that his sentence is ambiguous with respect to the time and manner in which it is to be served. See *Lewis*, 299 Kan. at 858. Because Shultz makes no claim that he received an illegal sentence for his rape convictions in this case, the district court did not err in denying Shultz's motion to correct illegal sentence.

Affirmed.