IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 113,775

STATE OF KANSAS,
*Appellee*,

v.

GARY A. DITGES,
*Appellant.*

SYLLABUS BY THE COURT

1.

Although a district court must liberally construe a pro se pleading to give effect to its content, rather than its label or form, a district court is relieved of any duty to convert a motion to correct an illegal sentence under K.S.A. 22-3504 into a motion under K.S.A. 60-1507, where the movant asserts that he or she is only challenging the legality of the sentence and is not seeking to reverse the underlying conviction.

2.

A defendant claiming that the district court should have construed a K.S.A. 22-3504(1) motion to correct an illegal sentence as an untimely filed K.S.A. 60-1507 motion has the burden of showing that the motion, files, and record clearly established the manifest injustice necessary to allow a K.S.A. 60-1507 to be filed out of time. The district court has no duty to eliminate any possibility of manifest injustice.

Appeal from Sedgwick District Court; WARREN M. WILBERT, judge. Opinion filed May 26, 2017. Affirmed.

*Kristen B. Patty*, of Wichita, was on the brief for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

JOHNSON, J.: Gary A. Ditges, who is serving a life sentence for second-degree murder, appeals the Sedgwick County District Court's summary denial of his pro se K.S.A. 22-3504 motion to correct an illegal sentence, filed more than 13 years after he was sentenced. Ditges' motion claimed that his sentence is illegal because the district court failed to include a jury instruction on voluntary manslaughter as a lesser included offense to first-degree murder, and, consequently, he should have been convicted and sentenced for voluntary manslaughter instead of second-degree murder.

On appeal, Ditges changes the issue, claiming the district court should have construed his pro se pleading as being a motion under K.S.A. 60-1507. Then, the district court should have, *sua sponte*, divined all of the arguments that the movant should have made in order to allow the untimely 1507 motion to proceed to the merits, and then should have ruled for the movant on both the procedural issues and the merits. Ditges' appeal is unavailing on all levels.

## FACTUAL AND PROCEDURAL OVERVIEW

The State charged Ditges with first-degree murder in the March 1999 stabbing death of his landlord, Janzen Nguyen. At the jury trial, a neighbor testified that, about the time Nguyen was last seen alive, the neighbor saw Nguyen enter Ditges' apartment and heard a loud argument about a deposit.

Nevertheless, the defense requested that the district court give no lesser included offense instructions. The trial court, noting its independent duty to instruct on applicable

2

lesser included offenses, even over a defense objection, gave a lesser included offense instruction on intentional second-degree murder. But the court found that the evidence did not support an instruction on voluntary manslaughter. The jury convicted Ditges of the lesser crime of second-degree murder.

Ditges' direct appeal did not claim any instructional error. This court affirmed his conviction and sentence on the issues raised in the direct appeal. *State v. Ditges*, No. 86,204 (unpublished opinion filed July 11, 2003). Thereafter, Ditges did not file any motions for post-conviction relief until the current filing in March 2014.

The motion presented in March 2014 was entitled "Motion to Correct an Illegal Sentence." It began: "COMES NOW Gary A. Ditges, the defendant, pro se, and moves the Court to correct his illegal sentence pursuant to K.S.A. 22-3504 (2012)." The body of the motion claimed that the trial court should have instructed on all lesser included offenses which were made applicable by the trial evidence, including voluntary manslaughter. The motion then concluded that "the defendant's sentence should be set aside, his conviction of second degree murder (intentional) should be reversed and the case be set for new trial to include the lesser offense of Voluntary Manslaughter, K.S.A. 21-3403." The motion was accompanied by a Memorandum of Law which recited that, pursuant to K.S.A. 22-3504(1), a court may correct an illegal sentence at any time. Neither the motion nor the memorandum contained any further discussion of the timeliness of the motion.

The State filed a response to the motion, pointing out that, while a motion under K.S.A. 22-3504 could be entertained at any time, such a motion had limited applicability. Specifically, the State argued that a K.S.A. 22-3504 motion cannot be used to collaterally attack a conviction or to breathe new life into an abandoned issue. The district court summarily denied the motion by checking a box on a motion minutes sheet and

handwriting that the court adopted the State's response as its findings of fact and conclusions of law.

Ditges filed a motion to reconsider, stating that his original motion had incorrectly stated that he was seeking a reversal of his conviction. Rather, he asserted that he was accepting responsibility for killing Nguyen, but that his sentence should be corrected to one that was applicable to a voluntary manslaughter conviction. The district court summarily denied the motion to reconsider via handwriting on a preprinted motion minutes sheet that again simply referred to the State's response as the court's findings of fact and conclusions of law. Ditges appealed directly to this court.

MOVANT NOT ENTITLED TO POST-CONVICTION RELIEF

Before the district court, Ditges insisted that he was challenging only his sentence. On appeal, Ditges claims that the district court erred in not liberally construing his motion as a K.S.A. 60-1507 motion challenging his conviction based upon the trial court's failure to instruct on the lesser included offense of voluntary manslaughter. If Ditges can get to the merits of his instructional complaint, he is faced with a clearly erroneous standard, if not invited error. His motion cannot prevail on any level.

*Standard of Review*

Whether a district court correctly construed a pro se pleading is a question of law subject to de novo review. *State v. Gilbert*, 299 Kan. 797, 802, 326 P.3d 1060 (2014). A district court's summary denial of a K.S.A. 22-3504 motion to correct an illegal sentence is reviewed de novo. *Gilbert*, 299 Kan. at 801.

4

The omission of a legally and factually appropriate jury instruction is reversible as clearly erroneous only if the appellant carries his or her burden to firmly convince the appellate court that the jury would have reached a different verdict had the instruction error not occurred. *State v. Williams*, 295 Kan. 506, Syl. ¶ 5, 286 P.3d 195 (2012).

*Analysis*

As noted above, Ditges titled his pleading as a motion to correct an illegal sentence and he specifically referred to K.S.A. 22-3504, which governs the correction of an illegal sentence. Likewise, his memorandum pointed out that, although his motion was being filed many years after his direct appeal was final, K.S.A. 22-3504(1) specifically states that an illegal sentence may be corrected at any time. Given that K.S.A. 60-1507(f) requires that type of motion to be filed within 1 year of the direct appeal becoming final, unless extended to prevent manifest injustice, Ditges' use of K.S.A. 22-3504 would not appear to be accidental.

Moreover, Ditges filed his appeal directly with this court, which is the proper court where the subject matter is a motion to correct an illegal sentence. See K.S.A. 2016 Supp. 22-3601(b)(3). If his motion was construed as a K.S.A. 60-1507 motion, that statute directs the first appeal to be taken to the Court of Appeals. K.S.A. 2016 Supp. 60-1507(d).

Nevertheless, the content of Ditges' motion sought a reversal of his conviction for second-degree murder based on the trial court's failure to instruct on the lesser included offense of voluntary manslaughter. That is the type of relief available through a K.S.A. 60-1507 motion, and we have held that "[j]udges must liberally construe a pro se pleading to 'giv[e] effect to the pleading's content rather than the labels and forms used to

5

articulate the defendant's arguments.' [State v. *Kelly*, 291 Kan. 563, 565, 244 P.3d 639 (2010)]." *Makthepharak v. State,* 298 Kan. 573, 581, 314 P.3d 876 (2013).

Arguably, then, the district court should have initially considered liberally construing Ditges' pro se motion as a K.S.A. 60-1507 motion, rather than automatically relying on the State's response. But Ditges' motion to reconsider refuted the content of his original motion and insisted that he was only challenging his sentence, not his conviction. Given that assertion, the district court was relieved of any duty to convert the pleading into something the movant did not want.

Treating the motion as it was titled, the district court's ruling was correct. The failure to give a lesser included offense instruction, without more, does not render illegal a sentence that conforms to the statutory provisions for the crime of conviction. In other words, Ditges has not shown that there is anything illegal about the sentence he received for second-degree murder. He just wants to be sentenced for the lesser crime of voluntary manslaughter, *i.e.*, he challenged the conviction, not the sentence.

Even if we were to reject the notion that the motion to reconsider relieved the district court of its duty to consider the content of the pro se motion and construe it as a K.S.A. 60-1507 motion, any error would be harmless. Obviously, Ditges' motion was untimely under K.S.A. 60-1507(f)(1), and there is nothing in the record that would support a finding that, under K.S.A. 60-1507(f)(2), an extension of the time limit was necessary to prevent manifest injustice.

Ditges complains that the district court did not address whether he had adequately alleged manifest injustice under K.S.A. 60-1507(f)(2). But we have the motion, files, and records available to us, and there is no allegation of manifest injustice to be found therein. It is Ditges' burden to establish that he is entitled to relief under K.S.A. 60-1507.

Supreme Court Rule 183(g) (2015 Kan. Ct. R. Annot. 271). That burden includes establishing the manifest injustice that would entitle him to file the motion out of time. The district court does not have a duty to eliminate any possibility of manifest injustice.

Even if Ditges had cleared the manifest injustice hurdle to get a hearing on the merits of his complaint, he would still have a considerable obstacle in front of him. At the very least, his objection to the giving of all lesser included offense instructions would have triggered the clearly erroneous requirement of K.S.A. 22-3414(3). Then, he would have had the burden of firmly convincing the appellate court that the giving of a voluntary manslaughter instruction would have changed the outcome of the trial. From the record before us, that result is highly questionable, at best.

In short, switching statutory provisions for Ditges' motion for post-conviction relief does not save the day for him. K.S.A. 22-3504(1) is the wrong vehicle to challenge the alleged instruction error, but a K.S.A. 60-1507 motion is untimely. Further, Ditges' failure to request an instruction on voluntary manslaughter erected a nearly insurmountable obstacle to obtaining relief on the basis of its omission.

Affirmed.