NOT DESIGNATED FOR PUBLICATION

No. 117,185

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CENTRAL PARK TOWERS,
*Appellee*,

v.

ALONZO ECHOLS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; RENEE HENRY, judge. Opinion filed November 3, 2017. Affirmed.

*Alonzo Echols*, appellant pro se.

No appearance by appellee.

Before GARDNER, P.J., GREEN, J., and MERYL D. WILSON, District Judge, assigned.

PER CURIAM: In this landlord-tenant dispute, Alonzo Echols, acting pro se, claims that the district court erred by evicting him from his apartment. Echols claims that he timely made his rent payments but that Central Park Towers (Landlord) failed to provide a habitable dwelling—his apartment did not have a refrigerator, stove, or "decent bathroom." Echols also contends that his summons was improper. The Landlord has not filed a response to Echols' appeal. Nonetheless, we affirm the district court because Echols has not adequately briefed his claim and the scant record on appeal does not provide what we need to evaluate the merits of his claim.

1

Our Supreme Court has dictated that we are to liberally construe pro se pleadings, which means we are to give effect to the content rather than the labels and forms used to articulate the arguments. *State v. Gilbert*, 299 Kan. 797, 802, 326 P.3d 1060 (2014) (quoting *State v. Kelly*, 291 Kan. 563, 565, 244 P.3d 639 [2010]). We have tried to do so here. But we cannot alter the content of a pro se's arguments or create new arguments for the petitioner—we may only interpret them. See *State v. Hankins*, 304 Kan. 226, Syl. ¶ 2, 372 P.3d 1124 (2016); *Gilbert*, 299 Kan. at 798.

Supreme Court Rule 6.02(a)(5) (2017 Kan. S. Ct. R. 35) requires appellants to include citations to the "appropriate standard of appellate review and a pinpoint reference to the location in the record on appeal where the issue was raised and ruled on." The Kansas Supreme Court has held that this rule is to be strictly enforced. *State v. Godfrey*, 301 Kan. 1041, 1044, 350 P.3d 1068 (2015).

Echols does not cite where his claims were raised before the district court and does not include the applicable legal standards. Echols argues that he paid his rent until the amount due became "excessive." But Echols does not explain why he believes his rent payments were excessive or why the amount due changed. Not only does Echols' brief require us to speculate as to what may have happened, his brief fails to state what relief Echols seeks from us.

A litigant abandons an issue if the litigant fails to adequately brief the issue. *State v. Bowen*, 299 Kan. 339, 356, 323 P.3d 853 (2014). If an appellant abandons an issue on appeal we need not proceed with our analysis or otherwise consider the issue. *State v. Jones*, 298 Kan. 324, 329, 311 P.3d 1125 (2013). By his failure to explain his legal theories and to show us the facts on which they are based, Echols has abandoned his arguments.

Even if we overlooked Echols' failure to comply with Supreme Court Rule 6.02, we find the scant record insufficient to permit us to reach the merits of Echols' claims. The appellant bears the burden of designating a sufficient record to establish a claimed error; without an adequate record the alleged error fails. *Romkes v. University of Kansas*, 49 Kan. App. 2d 871, 886, 317 P.3d 124 (2014); *Frans v. Gausman*, 27 Kan. App. 2d 518, 527, 6 P.3d 432 (2000). This is because we cannot take new evidence during this phase of the legal process—we are bound to review only those facts in the record made by the trial court and sent to us on appeal.

The record on appeal shows that the district court awarded possession of the premises and $278 in damages to the Landlord. But the record does not include either a transcript of any proceedings in the district court or any evidence supporting Echols' claims. Nothing in the record addresses the condition of his residence. Echols did attach a lease agreement as an exhibit to his brief, and that agreement contains a provision allowing for a change in rent if certain tenant assistant programs change their contributions to urban housing programs. But that lease agreement is not part of the record, and an appellant cannot satisfy the burden of designating the record by attaching exhibits to an appellate brief. *Romkes*, 49 Kan. App. 2d at 886; *Frans*, 27 Kan. App. 2d at 527.

Even if the lease agreement were part of the record, nothing in it explains why Echols' rent actually changed. We cannot consider Echols' claims without speculating as to what occurred below. Therefore, we find the record insufficient to permit us to evaluate the merits of Echols' claims.

Affirmed.