NOT DESIGNATED FOR PUBLICATION

No. 122,191

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JERRY STARK,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; STEPHEN J. TERNES, judge. Opinion filed September 25, 2020. Affirmed.

*Jerry Stark*, appellant pro se.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J., BUSER and POWELL, JJ.

PER CURIAM: In 2000, a jury convicted Jerry Stark of aggravated indecent liberties with a child. Since his conviction, Stark has filed four motions to correct an illegal sentence. The most recent motion, filed in October 2019, is the subject of this appeal. The district court treated his motion as a K.S.A. 60-1507 motion and summarily denied it as untimely and successive. Stark appeals, arguing his sentence was illegal. We find that Stark is serving a legal sentence, so we affirm the district court's judgment.

We will set forth the facts and procedural history of Stark's case as best we can from the record on appeal. In October 2000, a jury convicted Stark of aggravated indecent liberties with a child. The crime was committed in July 2000. Stark's criminal history included four 1982 Florida convictions, three for sexual battery and one for lewd, lascivious, or indecent assault upon or in the presence of a child, which the district court scored as person felonies. The district court sentenced Stark to 494 months' imprisonment with 36 months' postrelease supervision. Stark appealed and this court affirmed his convictions. *State v. Stark*, No. 86,389 unpublished opinion filed March 8, 2002 (Kan. App.). The clerk issued the mandate in June 2002.

On June 2, 2014, Stark filed his first motion to correct an illegal sentence, arguing his prior Florida convictions should have been scored as nonperson felonies based on *State v. Murdock,* 299 Kan. 312, 323 P.3d 846 (2014), *overruled by State v. Keel,* 302 Kan. 560, ¶ 9, 357 P.3d 251 (2015), *cert. denied* 136 S. Ct. 865 (2016) (*Murdock I*). The motion was set for hearing on July 11, 2014, but it is unclear whether a hearing occurred.

Then on December 24, 2014, Stark filed his second motion to correct illegal sentence, again arguing that his prior Florida convictions should have been scored as nonperson felonies based on *Murdock I*. The district court denied his motion. Stark appealed and a panel of this court affirmed the district court's ruling. *State v. Stark*, No. 113,583, 2015 WL 7436045 (Kan. App. 2015) (unpublished opinion). This court explained that Stark was not entitled to relief under *Murdock I* because that decision had been overruled by the Kansas Supreme Court in *Keel*. *Stark*, 2015 WL 7436045, at *2.

On June 6, 2019, Stark filed his third motion to correct illegal sentence, again arguing *Murdock I* required his Florida convictions to be scored as nonperson crimes. On June 28, 2019, the district court denied Stark's motion, stating the Court of Appeals had

previously ruled on this issue. Stark filed a notice of appeal on July 15, 2019. On September 10, 2019, the deputy clerk of this court sent Stark a letter stating his appeal had not been docketed because he had not paid the docketing fee or presented an order stating he was indigent. On November 18, 2019, Stark filed a motion in district court to dismiss his appeal. The district court set his motion to dismiss for hearing on December 17, 2019, but nothing further on this matter appears in the record.

Meanwhile, on October 21, 2019, Stark filed the instant "K.S.A. 60-1507 Motion to Correct an Illegal Sentence." Stark again argued that the district court should have classified his prior Florida convictions as nonperson felonies but cited new authority in support: *State v. Murdock*, 309 Kan. 585, 439 P.3d 307 (2019) (*Murdock II*). Stark argued that his case was identical to *Murdock II* and, thus, should be subject to the same outcome, i.e., reclassification of his 1982 out-of-state convictions as nonperson crimes. On November 5, 2019, the district court treated Stark's motion as a K.S.A. 60-1507 motion and summarily denied it as both untimely and successive. Stark timely appealed.

ANALYSIS

Stark's appellate brief states that he is appealing his "Motion to Correct an [I]llegal [S]entence pursuant to K.S.A. 22-3504." His brief on appeal is essentially the same as the motion he filed before the district court. The first 11 pages are an almost verbatim recitation of the Kansas Supreme Court's opinion in *Murdock II*, with a few minor word changes. Stark then argues, in one paragraph, that because his prior out-of-state convictions occurred during the same time frame as Murdock's prior out-of-state convictions, he must be resentenced like Murdock was. The State argues the district court correctly denied Stark's K.S.A. 60-1507 motion as untimely and successive and that it could also be denied on the grounds of collateral estoppel.

3

Pro se pleadings must be liberally construed to "'giv[e] effect to the pleading's content rather than the labels and forms used to articulate the defendant's arguments.'" *State v. Ditges*, 306 Kan. 454, 457, 394 P.3d 859 (2017). Stark titled his motion a "K.S.A. 60-1507 Motion to Correct an Illegal Sentence." Although Stark used a habeas corpus motion form to file his motion, he barely filled in the preprinted sections of the form and instead included multiple typed pages containing his argument. He starts by citing K.S.A. 22-3504 and stating that he can bring a motion to correct illegal sentence at any time because such a motion is not subject to the same time constraints as a K.S.A. 60-1507 motion. Thus, the district court should have treated Stark's motion as a motion to correct illegal sentence and not as a K.S.A. 60-1507 motion. See *State v. Gilbert*, 299 Kan. 797, 802-03, 326 P.3d 1060 (2014) (finding the substance of pro se pleading to be a motion to correct illegal sentence when appellant stated he could raise an illegal sentence argument at any time). But the district court's failure to do so was harmless because Stark is not entitled to relief on his motion to correct illegal sentence.

Motions under K.S.A. 22-3504 and K.S.A. 60-1507 are treated the same for determining when an evidentiary hearing is required. *Makthepharak v. State*, 298 Kan. 573, 577, 314 P.3d 876 (2013). Whether a sentence is illegal under K.S.A. 22-3504 is a question of law over which the appellate court has unlimited review. *State v. Lee*, 304 Kan. 416, 417, 372 P.3d 415 (2016). An illegal sentence is one "[i]mposed by a court without jurisdiction; that does not conform to the applicable statutory provision, either in character or punishment; or that is ambiguous with respect to the time and manner in which it is to be served at the time it is pronounced." K.S.A. 2019 Supp. 22-3504(c)(1). A legal sentence does not become an illegal sentence "because of a change in the law that occurs after the sentence is pronounced." K.S.A. 2019 Supp. 22-3504(c)(1).

Stark's illegal sentence claim fails for two reasons. First, his case is not identical to *Murdock II* and it provides him no relief. Second, he does not advance any argument that his sentence was illegal when it was pronounced in November 2000. And even if this

court were to address the classification issue, his Florida convictions were properly scored as person crimes under the laws in effect in 2000.

First, Stark's reliance on *Murdock II* is misplaced. Stark's entire illegal sentence claim is based on the fact that Murdock had prior out-of-state convictions from 1984 and Stark also has prior out-of-state convictions from 1982. Stark argues that because of this similarity, he is entitled to the same outcome that Murdock received in *Murdock II*, i.e., resentencing with the prior out-of-state convictions being scored as nonperson crimes. But Murdock's prior convictions were only scored as nonperson crimes because of the unique procedural nature of his case, which is not present in Stark's case.

After Murdock prevailed in *Murdock I*, he was resentenced in 2015 during the brief period of time that the holding in *Murdock I* was still good law and before it was overruled in *Keel*. Thus, Murdock's sentence in 2015 was legal when it was imposed and did not become illegal when *Keel* later changed the law. *Murdock II*, 309 Kan. at 591. Stark is not in the same position as Murdock. Stark was sentenced in 2000 and his sentence was final when the mandate was issued in his direct appeal in June 2002. Stark has never been resentenced like Murdock was, so he does not receive the benefit of the holding in *Murdock I*, especially after that holding was overruled in *Keel*.

Second, Stark advances no argument that his sentence was illegal when it was pronounced in November 2000. See *Murdock II*, 309 Kan. at 591 (stating the legality of a sentence is controlled by the law in effect when the sentence was pronounced). Stark does not explain why his prior Florida convictions should have been scored as nonperson crimes based on the laws in effect in 2000. In this court's 2015 opinion denying Stark's appeal from his second motion to correct illegal sentence, we stated:

> "Stark acknowledges that our Supreme Court's holding in *Murdock* has been
> overruled in *Keel*. In *Keel*, our Supreme Court held that when designating a pre-KSGA

5

conviction as a person or nonperson crime for criminal history purposes, the court must determine the classification of the prior conviction as of the time the current crime of conviction was committed. 302 Kan. at 577. Sexual battery and lewd and lascivious behavior were scored as person crimes in Kansas at the time Stark's current crime of aggravated indecent liberties with a child was committed in 2000. See K.S.A. 21-3517 (Furse 1995); K.S.A. 21-3508 (Furse 1995). Based on *Keel*, the district court did not err in classifying Stark's pre-KSGA convictions as person crimes for criminal history purposes. Thus, the district court did not err in denying Stark's motion to correct illegal sentence." *Stark*, 2015 WL 7436045, at *1.

At the time of Stark's sentencing, prior out-of-state convictions were classified as person or nonperson offenses by comparing the out-of-state conviction to the "comparable" Kansas offense. See K.S.A. 2000 Supp. 21-4711(e). A "comparable" Kansas offense did not have to be identical to the out-of-state crime when the district court sentenced Stark. See *State v. Vandervort*, 276 Kan. 164, 179, 72 P.3d 925 (2003), *overruled by State v. Dickey*, 301 Kan. 1018, 350 P.3d 1054 (2015). As we stated in our 2015 opinion addressing Stark's claim, his 1982 Florida convictions were properly scored as person crimes because the comparable offenses in Kansas were person crimes at the time of Stark's current crime of conviction. *Stark*, 2015 WL 7436045, at *1. Thus, Stark's sentence was legal when it was pronounced in 2000 and it remains legal now.

In sum, although the district court erred in treating Stark's motion as a K.S.A. 60-1507 motion, the error was harmless. See *State v. Overman*, 301 Kan. 704, 712, 348 P.3d 516 (2015) (finding the district court will be upheld on appeal even though it relied on the wrong ground or assigned erroneous reasons for its decision). *Murdock II* does not render Stark's sentence illegal. Stark fails to argue that his sentence was illegal when it was pronounced in 2000, and upon review, we find that his 1982 Florida convictions were properly scored as person crimes for criminal history purposes.

Affirmed.