IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 110,940

STATE OF KANSAS,
*Appellee*,

v.

GEORGE LaMAE,
*Appellant*.

SYLLABUS BY THE COURT

1.

An alleged jury instruction error cannot be raised in a motion to correct an illegal sentence.

2.

A defective charging document claim is not properly raised in a motion to correct an illegal sentence.

3.

Whether a district court correctly construed a pro se pleading is a question of law subject to unlimited review.

4.

An issue not briefed by an appellant is deemed waived and abandoned.

Appeal from Wyandotte District Court; R. WAYNE LAMPSON, judge. Opinion filed March 11, 2016. Affirmed.

1

*Gerald E. Wells*, of Jerry Wells Attorney-at-Law, of Lawrence, argued the cause and was on the brief for appellant.

*Sheryl L. Lidtke*, chief deputy district attorney, argued the cause, and *Jerome A. Gorman*, district attorney, and *Derek Schmidt*, attorney general, were with her on the brief for appellee.

The opinion of the court was delivered by

ROSEN, J.: Thirteen years after George LaMae was convicted of first-degree felony murder and the underlying felony of manufacture of methamphetamine, he filed a pro se motion to correct an illegal sentence. The district court summarily denied the motion, and LaMae appealed to this court pursuant to K.S.A. 2015 Supp. 22-3601(b)(3). See also *State v. Pennington*, 288 Kan. 599, 205 P.3d 741 (2009) (jurisdiction over motion to correct illegal sentence appeal lies with court that had jurisdiction to hear original appeal).

LaMae claims his sentence is illegal because the district court lacked jurisdiction to sentence him for two reasons: (1) the district court failed to provide lesser included offense instructions for felony murder and (2) the charging document was fatally defective. Neither claim, however, is properly raised through a motion to correct an illegal sentence because both challenge LaMae's convictions, not the sentence imposed. See *State v. Gilbert*, 299 Kan. 797, 798, 326 P.3d 1060 (2014) (felony-murder lesser included offense jury instruction claim cannot be raised in motion to correct an illegal sentence because claim challenges conviction, not sentence); *State v. Trotter*, 296 Kan. 898, 902, 295 P.3d 1039 (2013) (defective information claim cannot be raised in motion to correct an illegal sentence because claim challenges conviction, not sentence).

In addition, without explicitly asking for such a construction, LaMae's appellate brief discusses his defective information claim as if it was brought under K.S.A. 60-1507.

2

And a second order in the district court implies that the court construed LaMae's pleadings as a motion under K.S.A. 60-1507. At times, we have construed pro se motions to correct illegal sentences as motions brought under K.S.A. 60-1507. See *State v. Swisher*, 281 Kan. 447, 449, 132 P.3d 1274 (2006). "Whether the district court correctly construed a pro se pleading is a question of law subject to unlimited review." *Gilbert*, 299 Kan. at 802. However, even if we were to construe LaMae's motion as a 60-1507 motion, we would conclude that it is untimely and that there has been no showing of "manifest injustice" to warrant acceptance of the pleading out of time. A motion under K.S.A. 60-1507 must be brought within 1 year of "(i) The final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction; or (ii) the denial of a petition for writ of certiorari to the United States supreme court[.]" K.S.A. 60-1507(f). The only exception to the 1-year time limit to file a K.S.A. 60-1507 motion is stated in subsection (f)(2), which allows an extension of time "only to prevent a manifest injustice." LaMae has the burden to show "manifest injustice." His pleadings did not address the 1-year time limit or make any arguments concerning manifest injustice. An issue not briefed by the appellant is deemed waived and abandoned. *State v. Boleyn*, 297 Kan 610, 633, 303 P.3d 680 (2013).

We affirm the district court's decision summarily denying LaMae's motion.