NOT DESIGNATED FOR PUBLICATION

No. 115,714

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

ANTHONY LEROY DAVIS,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee.*

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JAMES R. FLEETWOOD, judge. Opinion filed August 25, 2017. Affirmed.

*Roger L. Falk*, of Law Office of Roger L. Falk, P.A., of Wichita, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett,* district attorney, and *Derek Schmidt,* attorney general, for appellee.

Before ARNOLD-BURGER, C.J., LEBEN, J., and BURGESS, S.J.

LEBEN, J.: Anthony Leroy Davis appeals the district court's denial of his sixth motion for habeas corpus relief under K.S.A. 60-1507, the statute governing habeas claims by inmates. But under Kansas law, courts need not consider repetitive habeas motions unless the movant shows exceptional circumstances for bringing the additional motion, and Davis has not shown exceptional circumstances as defined under Kansas law. We therefore affirm the district court's judgment.

FACTUAL AND PROCEDURAL BACKGROUND

To consider Davis' claim in this appeal, we must first note what he was convicted of and how he has challenged that conviction in past legal proceedings.

A jury convicted Davis of felony murder, aggravated arson, and aggravated robbery in 1989. The district court sentenced him to life in prison. The Kansas Supreme Court affirmed his convictions on direct appeal in *State v. Davis*, 247 Kan. 566, 802 P.2d 541 (1990).

After a defendant has completed the direct appeal, he or she can bring further challenges in habeas corpus proceedings, which are initiated with a motion filed under K.S.A. 60-1507. Davis has filed six of these over the years, and his sixth habeas motion is what's at issue in this appeal. Davis has not included the full records related to the earlier motions in the record sent to us for review, but we can summarize the earlier proceedings from our court's past opinions.

Davis filed his first habeas motion more than two decades ago, in 1994, alleging that his trial lawyer had been ineffective by failing to investigate an insanity or diminished-capacity defense, failing to call a witness to testify, and failing to make accommodations for his hearing disability. He also argued that the State had knowingly allowed a witness to commit perjury. The district court denied his motion after an evidentiary hearing, and our court affirmed that decision. *Davis v. State*, No. 99,288, 2009 WL 311817, at *1 (Kan. App. 2009) (unpublished opinion) (citing *Davis v. State*, No. 75,165, unpublished opinion filed March 7, 1997).

2

In 1999, Davis filed a motion to correct an illegal sentence; the court treated it as a habeas motion under K.S.A. 60-1507 because Davis alleged that his trial lawyer had been ineffective by failing to file a motion to suppress the testimony of a State witness. The district court denied the motion (this time without hearing evidence), finding Davis' legal claim insufficient, and the Kansas Supreme Court affirmed on appeal in *State v. Davis*, 271 Kan. 892, 26 P.3d 681 (2001).

In 2001, Davis filed his third habeas motion alleging that his trial and appellate lawyers had been ineffective. He claimed that his trial lawyer hadn't made a reasonable attempt to discover a witness' immunity agreement, had failed to correct a witness' alleged perjury, and had turned away a potential lawyer for Davis. Davis argued that his appellate lawyer had been ineffective by failing to raise the trial lawyer's obvious errors. After a nonevidentiary hearing, the court denied his motion as an abuse of remedy, meaning that he hadn't shown a good reason to consider another habeas motion. See *Davis*, 2009 WL 311817, at *1 (citing *Davis v. State*, No. 88,564, unpublished opinion filed June 20, 2003); *Manco v. State*, 51 Kan. App. 2d 733, 739-41, 354 P.3d 551 (2015). Our court affirmed that decision on appeal. *Davis*, 2009 WL 311817, at *1.

In 2005, Davis filed his fourth habeas motion, this time alleging that the trial judge had intentionally concealed evidence of his innocence, that his trial lawyer had helped with this concealment and had been ineffective, and that the State had knowingly allowed false testimony to be presented at trial. After a nonevidentiary hearing, the district court dismissed the motion as untimely and successive, and we again affirmed the decision. See *Davis v. State*, No. 95,179, 2006 WL 3740850, at *3 (Kan. App. 2006) (unpublished opinion).

In 2007, Davis filed his fifth habeas motion, this time alleging manifest injustice based on claims that his trial lawyer had conspired with the district judge and the State to work against him in various ways, including running off a potential lawyer, violating his

3

right to a speedy trial, printing a picture of him with devil horns in a local newspaper, having a codefendant lie on the stand, forcing him to be tranquilized at Larned State Hospital, coercing him to plead guilty, and depriving him of due process based on his race. The motion also alleged that the State had suppressed evidence of his innocence, that the district court lacked subject matter jurisdiction, and that he had been prejudiced by cumulative trial errors. The district court dismissed the motion as untimely and successive, and our court affirmed. *Davis*, 2009 WL 311817, at \*3-4.

In January 2015, Davis filed his sixth round of habeas motions, claiming that his trial lawyer had been ineffective, that the State had concealed evidence of his innocence, and that his right to a speedy trial had been violated. On October 28, 2015, the district court dismissed his motion without a hearing, finding that it was untimely and a successive abuse of remedy. Davis then filed motions seeking reconsideration and a new trial. The district court denied those on January 21, 2016.

Davis then appealed to our court.

ANALYSIS

Davis argues on appeal that the district court erred in concluding that he was not entitled to relief and that he hadn't shown exceptional circumstances to justify considering his motion.

A district court may summarily deny an inmate's habeas motion without holding an evidentiary hearing when the court's file conclusively shows that the prisoner is entitled to no relief. *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014). When a district court does so, we conduct an independent review of the motion and case file to determine whether they do conclusively show that prisoner wasn't entitled to relief. 300 Kan. at 881.

4

Davis' motion fails due to a significant procedural hurdle—it is successive (his sixth), and he didn't show the exceptional circumstances that would warrant considering it.

The exceptional-circumstances requirement isn't explicitly set out in K.S.A. 60-1507, but our Supreme Court has consistently applied it based on statutory language. Under the statute, a defendant doesn't have a right to file more than one habeas motion for similar relief; K.S.A. 60-1507(c) provides that the district court "shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner." Our Supreme Court has interpreted this to mean that the district court can dismiss a second or successive motion unless exceptional circumstances justify considering it. See *State v. Trotter*, 296 Kan. 898, 899, 904, 295 P.3d 1039 (2013); *State v. Kelly*, 291 Kan. 868, 872, 248 P.3d 1282 (2011); Supreme Court Rule 183(d) (2017 Kan. S. Ct. R. 222). Because a person bringing a habeas motion is presumed to have listed all grounds for relief, a court doesn't need to consider a subsequent motion "in the absence of a showing of circumstances justifying the original failure to list a ground." *Trotter*, 296 Kan. 898, Syl. ¶ 2. Generally, exceptional circumstances are unusual events or intervening changes in the law that prevent a defendant from having been reasonably able to raise all of the claimed errors in the first (or any previous) habeas proceeding. *State v. Mitchell*, 297 Kan. 118, 123, 298 P.3d 349 (2013); *Wimbley v. State*, 292 Kan. 796, Syl. ¶ 1, 275 P.3d 35 (2011).

Here, since Davis had already filed five habeas motions, he had to show exceptional circumstances to prevent the denial or dismissal of his sixth motion as successive and an abuse of remedy. See *Kelly*, 291 Kan. at 872. As the district court noted, Davis didn't point to *any* exceptional circumstances in his motion. On appeal, he argues that the merits of his claims—the ineffectiveness of both his trial and appellate lawyers—by itself constitute exceptional circumstances. But Davis made ineffectiveness

5

claims in all five of his previous habeas motions and has not shown any unusual events or intervening changes in the law that prevented him from having reasonably been able to raise all of the claimed errors in any of his earlier motions. Because Davis' sixth K.S.A. 60-1507 motion is successive and he hasn't shown any exceptional circumstances, the district court correctly denied his motion.

Davis' failure to show exceptional circumstances that would justify considering a successive habeas motion is reason enough to deny his motion. But the district court also denied Davis' motion because it was untimely under a separate provision, K.S.A. 60-1507(f)(1), which provides a 1-year time limit for bringing such claims. The legislature provided that untimely claims may still be considered if the movant shows "manifest injustice," K.S.A. 60-1507(f)(2), but Davis hasn't made a manifest-injustice argument on appeal. See *State v. LaMae*, 303 Kan. 993, 994, 368 P.3d 1110 (2016). So we also find no error in the district court's conclusion that Davis' motion was untimely.

Before we close our opinion, we must address one other topic—our court's jurisdiction over the appeal. The State argues that we lack jurisdiction because Davis didn't appeal directly from the denial of his K.S.A. 60-1507 motion—he appealed from the denial of his motion for a new trial or to alter or amend the judgment.

K.S.A. 60-1507 cases are civil in nature (as opposed to criminal), so the rules about civil appeals apply to them. *Albright v. State*, 292 Kan. 193, 197, 251 P.3d 52 (2011). Generally, a person has 30 days from the date of judgment to file a notice of appeal; a late notice of appeal deprives this court of jurisdiction. K.S.A. 2016 Supp. 60-2103(a); *Albright*, 292 Kan. at 197. But if a person files a posttrial motion (like a motion for a new trial, a motion for additional factual findings, or a motion to alter or amend) within 28 days of judgment, that 30-day appeal clock stops running. K.S.A. 2016 Supp. 60-2103(a). When the district court rules on the posttrial motion, the 30-day appeal clock starts over again. K.S.A. 2016 Supp. 60-2103(a).

6

In this case, the district court denied Davis' K.S.A. 60-1507 motion on October 28, 2015. Davis filed a motion for additional findings, a new trial, or to alter or amend the judgment 13 days later, on November 10. Those were timely posttrial motions—filed within 28 days after judgment—that stopped the 30-day appeal clock from running. See K.S.A. 2016 Supp. 60-2103(a). The district court denied those motions on January 21, 2016, restarting the 30-day appeal clock. K.S.A. 2016 Supp. 60-2103(a). So Davis' notice of appeal—filed 7 days later, on January 28, 2016—was timely. See *State v. Swafford*, 306 Kan. ___, 394 P.3d 1188, 1192 (2017); *State v. Edwards*, No. 109,647, 2016 WL 3659639, at *4 (Kan. 2016) (unpublished opinion).

The State also claims that Davis' notice of appeal wasn't sufficient to appeal the denial of his habeas motion because the notice mentioned only the district court's January 2016 ruling and not the initial October 2015 ruling. Under K.S.A. 2016 Supp. 60-2103(b), a notice of appeal must "designate the judgment or part thereof appealed from." We generally only obtain jurisdiction over the rulings identified in the notice of appeal, but we liberally construe notices of appeal to ensure that justice is done. *State v. Bogguess*, 293 Kan. 743, 756, 268 P.3d 481 (2012); *State v. Wilkins*, 269 Kan. 256, 270, 7 P.3d 252 (2000). We will also consider whether the alleged insufficiency in the notice of appeal prejudiced the State in any way. *State v. Laurel*, 299 Kan. 668, 673-75, 325 P.3d 1154 (2014).

Davis' notice of appeal (which he wrote and filed himself, like most of the motions in this case) says that he "appeals from the January 21st, 2016 motion minutes order, by Judge James R. Fleetwood, Div. II., Special set motion, denying plaintiff's post-trial motions." Obviously, the notice says nothing about the October 2015 ruling. But in this case, it's not unreasonable to infer that Davis' appeal from the denial of his posttrial motions was also an appeal of the denial of his habeas motion—one of the posttrial motions he filed was to alter or amend the denial of his habeas motion, so the motions

7

were related. We liberally construe pleadings of self-represented inmates, giving effect to the content of their papers rather than the labels and statutory citations provided by them. See *State v. Gilbert*, 299 Kan. 797, Syl. ¶ 4, 326 P.3d 1060 (2014). Significantly, the State doesn't argue it was prejudiced in any way by Davis' failure to list each judgment that he intended to appeal. See *Laurel*, 299 Kan. at 673-75. We conclude that the relationship between the posttrial motions and the original habeas motion combined with the lack of prejudice to the State makes it appropriate to overlook Davis' minor failure to fully comply with the statutes governing appeals by specifically listing each judgment he intended to appeal.

Even so, after considering Davis' arguments on appeal, we find no error in the district court's decision to dismiss his latest habeas claim. We therefore affirm the district court's judgment.