NOT DESIGNATED FOR PUBLICATION

No. 117,955

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DARRYL W. MANCO,
*Appellant*.

MEMORANDUM OPINION

Appeal from Geary District Court; STEVEN L. HORNBAKER, judge. Opinion filed July 13, 2018.
Affirmed.

*Barry Albin*, of Council Grove, for appellant.

*Jason B. Oxford*, assistant county attorney, *Krista Blaisdell*, county attorney, and *Derek Schmidt*,
attorney general, for appellee.

Before ARNOLD-BURGER, C.J., HILL and BUSER, JJ.

PER CURIAM: Following Supreme Court precedent, we hold that a motion to
correct an illegal sentence cannot be used by an offender to raise claims that at trial the
State failed to meet its burden of proof. This is especially true here where there has been
a direct appeal and several prior habeas corpus motions collaterally attacking the
conviction.

Twenty five years after his 1992 convictions for indecent liberties with a child and aggravated criminal sodomy, inmate Darryl W. Manco filed a pro se motion to correct an illegal sentence under K.S.A. 22-3504. In this motion, Manco claims the prosecution failed to prove intent and failed to present evidence of sexual arousal on the part of himself or the victim in the indecent liberties count. The district court summarily denied the motion after finding the issue had already been decided and it was filed out of time.

Manco has already taken a direct appeal. *State v. Manco*, No. 69,888, (Kan. App. 1994) (unpublished opinion). He has also filed three K.S.A. 60-1507 habeas corpus motions, which were all denied.  See *Manco v. State*, 51 Kan. App. 2d 733, 354 P.3d 551 (2015).

He will not obtain relief in this motion, as well.  Several Kansas Supreme Court cases command that a motion such as Manco's cannot be used to replace an appeal. Simply put, a motion to correct an illegal sentence is not a vehicle for Manco's claims. A challenge to a conviction and not a sentence cannot be raised through a K.S.A. 22-3504 motion to correct an illegal sentence. *State v. LaMae*, 303 Kan. 993, 994, 368 P.3d 1110 (2016). K.S.A. 22-3504 is merely a vehicle to correct a sentence. It is not a mechanism to reverse a conviction. *State v. Gilbert*, 299 Kan. 797, Syl. ¶ 3, 326 P.3d 1060 (2014).

Affirmed.