NOT DESIGNATED FOR PUBLICATION

No. 118,961

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TEILL REYNOLDS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; MICHAEL GROSKO, judge. Opinion filed November 9, 2018. Affirmed.

*Teill Reynolds*, appellant pro se.

*Daniel G. Obermeier*, assistant district attorney, *Mark A. Dupree Sr.*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., PIERRON and POWELL, JJ.

PER CURIAM: A jury convicted Teill S. Reynolds of one count of battery and two counts of rape of T.R., a victim under the age of 14 when defendant was 18 years old or older. Under K.S.A. 2010 Supp. 21-4643(a)(1)(B) (now K.S.A. 2017 Supp. 21-6627[a][1][B]) (Jessica's Law), the district court sentenced Reynolds to concurrent terms of life imprisonment with not less than 25 years imprisonment for both counts of the off-grid felony rape. It also sentenced him a 6-month concurrent sentence for the misdemeanor battery. Reynolds filed a motion to correct an illegal sentence claiming the charging documents were insufficient to grant the district court jurisdiction; the district

1

court never instructed the jury to find he was 18 years old or older; the State never presented evidence he was 18 years old or older; and the district court erred in asking the jury find he was 18 years old or older in a special verdict form. We affirm.

In May 2011, Reynolds was charged with aggravated indecent liberties with a child under 14 years old and two counts of rape of a child under the age of 14, all off-grid person felonies. Before trial, the State withdrew the aggravated indecent liberties charge and added one count of battery, a class B person misdemeanor. Law enforcement, family members, T.R., and Reynolds testified at trial. Reynolds stipulated to jury instruction No. 9 that he was over 18 years old and T.R. was under 14 years old at the time of the crimes. Reynolds made no objections to the jury instructions. The district court gave the jury a special verdict form asking whether it found beyond a reasonable doubt that Reynolds was 18 years old or older at the time of the crimes if it found him guilty of rape. The jury found Reynolds was 18 years old or older and convicted him of the two counts of rape of a child under 14 years of age and one count of battery. The district court sentenced Reynolds to a term of life imprisonment with not less than 25 years imprisonment for count one of the off-grid felony rape; a term of life imprisonment with not less than 25 years imprisonment for the second count of off-grid felony rape; and 6 months for the misdemeanor battery. The sentences were to run concurrently. The Kansas Court of Appeals affirmed Reynolds' conviction. *State v. Reynolds*, 109,674, 2014 WL 6909523, at *15 (Kan. App. 2014) (unpublished opinion).

While his appeal was pending, Reynolds filed various pro se motions with the district court, including a motion to correct an illegal sentence. After the mandate in Reynolds' direct appeal was issued, the district court denied his motion to correct an illegal sentence. Reynolds appeals.

Reynolds alleges the district court lacked subject matter jurisdiction because the State did not include two essential elements in his charging documents: his age and a

2

reference to Jessica's Law, K.S.A. 21-4643(a)(1). He also alleges jury instruction errors, claiming the district court failed to give an instruction about whether he was 18 years old or older and the State failed to present evidence he was 18 years old or older. Alternatively, he argues the jury impermissibly found he was 18 years old or older in a special verdict.

These claims are not properly before us because Reynolds is challenging his convictions not the sentences imposed. See *State v. LaMae*, 303 Kan. 993, 993-94, 368 P.3d 1110 (2016). The *LaMae* court found that a challenge of charging documents and jury instructions are attacks on a conviction and are not properly raised on a motion to correct an illegal sentence. 303 Kan. at 994. We are duty bound to follow the Kansas Supreme Court's precedent in *LaMae*. See *State v. Meyer*, 51 Kan. App. 2d 1066, 1072, 360 P.3d 467 (2015). The district court correctly dismissed these claims and we affirm the dismissal.

Affirmed.