NOT DESIGNATED FOR PUBLICATION

No. 120,288

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

TONY RAY BALLARD,
*Appellant,*

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Reno District Court; TRISH ROSE, judge. Opinion filed November 1, 2019.
Affirmed.

*Jennifer Lautz*, of StrongPoint Law, of South Hutchinson, for appellant.

*Keith E. Schroeder*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J., STANDRIDGE and WARNER, JJ.

PER CURIAM: Tony Ray Ballard appeals the district court's summary denial of his
K.S.A. 60-1507 motion. Ballard's motion, files, and records of the case conclusively
show that he is not entitled to any relief. Thus, we affirm the district court's judgment.

*Factual and procedural history*

In August 2001, the State filed an amended complaint charging Ballard with
felony obstruction of legal process, misdemeanor battery of a law enforcement officer,
and misdemeanor criminal damage to property. In October 2002, Ballard pled guilty to
felony obstruction of legal process and misdemeanor criminal damage to property. The

1

State dismissed the charge of battery of a law enforcement officer. On November 1, 2002, the district court imposed a controlling sentence of 12 months' imprisonment but granted Ballard probation for 12 months. By December 6, 2002, the State sought to revoke Ballard's probation and, on that date, the district court did so and ordered Ballard to serve his sentence. It does not appear that Ballard pursued a direct appeal either from his original sentence or from the revocation of his probation.

Over 13 years later, on January 20, 2016, Ballard filed a pro se motion to correct illegal sentence under K.S.A. 22-3504. He argued that the 2001 complaint was so defective in charging felony obstruction of legal process that it violated his due process rights under the Fourteenth Amendment to the United States Constitution. The district court held a hearing on the motion, at which Ballard appeared pro se, and it found that "even if there were any defects in the complaint, certainly with the affidavit and the events that occurred in the case, Mr. Ballard was aware of what he was charged with and that it was a felony offense and therefore the motion is denied."

Ballard appealed and the district court appointed appellate counsel to represent him. On February 15, 2017, after the parties had completed briefing, this court ordered Ballard to show cause why the district court's judgment should not be summarily affirmed under *State v. LaMae*, 303 Kan. 993, Syl. ¶ 2, 368 P.3d 1110 (2016), which held that "[a] defective charging document claim is not properly raised in a motion to correct illegal sentence." Ballard did not timely respond to the order, so on April 3, 2017, this court summarily affirmed the district court. This court denied Ballard's motion to reinstate his appeal, and Ballard did not petition our Supreme Court for review.

On September 1, 2017, Ballard filed in the district court a pro se motion for relief under K.S.A. 60-1507. He alleged the same deficiencies in the 2001 complaint that he had asserted in his motion to correct illegal sentence. He also argued that his counsel in the original criminal proceedings was ineffective for failing to challenge the complaint as

2

defective. He asserted that the district court should consider his claims "in order to prevent a manifest injustice."

On September 7, 2017, the district court issued an order summarily denying Ballard's K.S.A. 60-1507 motion:

"Petitioner was sentenced for the offense Obstruction of Legal Process on November 1, 2002. Petitioner filed a motion to correct illegal sentence on January 20, 2016, alleging the same issue asserted herein. The motion to correct illegal sentence was [denied] and the denial was affirmed on appeal.

"The court is not required to entertain successive motions for similar relief. K.S.A. 60-1507(c).

"The petition is dismissed."

Ballard's notice of appeal was untimely, but he was appointed appellate counsel and, in January 2019, this court remanded to the district court so it could determine whether caselaw exceptions to the requirement of a timely filed notice of appeal applied. On March 20, 2019, the district court issued an order "find[ing] that exceptions to the requirement of a timely filed notice of appeal apply and [Ballard's] notice of appeal is hereby deemed timely filed."

On appeal, Ballard does not acknowledge the district court's finding that his K.S.A. 60-1507 motion was successive or argue that the district court erred in so holding. Instead, he goes straight to the merits of his arguments that his 2001 complaint was fatally defective and that his counsel during the resulting criminal proceedings was unconstitutionally ineffective for failing to challenge that complaint. Because Ballard fails to argue that the district court erred in summarily dismissing his motion as successive, we could affirm the district court's judgment on this ground alone. See *State v. Dawson*, 55 Kan. App. 2d 109, 111, 408 P.3d 995 (2017) ("Initially, we note that Dawson identified the summary nature of the district court's dismissal as his first issue,

but he did not brief that point and it is, therefore, considered to be abandoned."), *aff'd on other grounds* 310 Kan. 112, 444 P.3d 974 (2019).

Even so, we will examine whether the district court erred in summarily dismissing Ballard's motion. The State asserts multiple reasons for this court to affirm the district court's judgment, including: (1) The issue is moot because Ballard is not being held in custody on his felony obstruction of legal process conviction; (2) Ballard's K.S.A. 60-1507 motion was untimely; (3) Ballard's K.S.A. 60-1507 motion was successive; and (4) Ballard's substantive claims have no merit.

*Standard of review*

"A district court may follow one of three procedural paths" when ruling on a 60-1507 motion:

> "'"(1) The court may determine that the motion, files, and case records conclusively show the prisoner is entitled to no relief and deny the motion summarily; (2) the court may determine from the motion, files, and records that a potentially substantial issue exists, in which case a preliminary hearing may be held. If the court then determines there is no substantial issue, the court may deny the motion; or (3) the court may determine from the motion, files, records, or preliminary hearing that a substantial issue is presented requiring a full hearing.'" [Citations omitted.]" *White v. State*, 308 Kan. 491, 504, 421 P.3d 718 (2018).

"When a district court summarily dismisses a K.S.A. 60-1507 motion without conducting a hearing, an appellate court will review the decision de novo." *Nguyen v. State*, 309 Kan. 96, 104, 431 P.3d 862 (2018). "[W]e liberally construe pro se pleadings '[to give] effect to the pleading's content rather than the labels and forms used to articulate the arguments.'" 309 Kan. at 105.

ANALYSIS

Ballard's K.S.A. 60-1507 motion raised two arguments: (1) A defective complaint deprived the district court of jurisdiction to convict him of felony obstruction of legal process, and (2) his counsel during the proceedings on that charge was constitutionally ineffective for failing to challenge the defective complaint. A review of Ballard's previous motion to correct illegal sentence reveals that although it contained the same arguments on the first point, it did not have any argument about the effectiveness of legal counsel. But even if the district court erred in finding that Ballard's K.S.A. 60-1507 motion as a whole was successive, the district court still had grounds to dismiss the motion. As the State argues in its brief, Ballard's motion was untimely and he made no showing of manifest injustice to extend the filing deadline. If a district court reaches the correct result, its decision will be upheld even though it relied on the wrong ground or assigned erroneous reasons for its decision. See *State v. Overman*, 301 Kan. 704, 712, 348 P.3d 516 (2015).

*Untimeliness of motion*

Since 2003, K.S.A. 60-1507(f) has required individuals to bring their K.S.A. 60-1507 motions "within one year of: (i) The final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction; or (ii) the denial of a petition for writ of certiorari to the United States supreme court." Individuals like Ballard, who had claims that existed before the 2003 statutory amendments, had until June 30, 2004, to file their K.S.A. 60-1507 motions. See *Pabst v. State*, 287 Kan. 1, 22, 192 P.3d 630 (2008). But Ballard did not file his motion until September 1, 2017.

K.S.A. 60-1507(f)(2) provides that the statutory time limitation on filing motions "may be extended by the court only to prevent a manifest injustice." The Kansas Supreme

Court has held that in this context, "'manifest injustice'" means "'obviously unfair'" or "'shocking to the conscience.'" *State v. Roberts*, 310 Kan. 5, 13, 444 P.3d 982, 988 (2019). As the person seeking an extension of the time limit, Ballard bore "the burden to establish manifest injustice by a preponderance of the evidence." See *White*, 308 Kan. at 496. When considering a claim of manifest injustice in the context of a K.S.A. 60-1507 motion filed after July 1, 2016—such as Ballard's—"'courts are "limited to considering (1) a movant's reasons for the failure to timely file the motion and (2) a movant's claims of actual innocence."'" *Sherwood v. State*, 310 Kan. 93, 100, 444 P.3d 966, 972 (2019).

Ballard's K.S.A. 60-1507 motion asserted that the district court should consider his claims "in order to prevent a manifest injustice." But Ballard made no attempt to explain his broad assertion of manifest injustice. Instead, he went straight to the merits of his challenge to the complaint and his claim of ineffective assistance of counsel. And although Ballard's appellate brief acknowledges that "[t]he time limitation to file an ineffective assistance of counsel appeal [*sic*] can be extended to prevent manifest injustice," Ballard once again does not identify how manifest injustice will result if *his* claims are not resolved on their merits. Ballard has failed in the district court and in this court to state any reasons for his failure to timely file his K.S.A. 60-1507 motion, and he makes no claim of actual innocence, much less a colorable one.

In sum, Ballard has asserted no facts supporting his general claim that the district court should consider his K.S.A. 60-1507 motion to prevent a manifest injustice. As a result, his motion is barred as untimely filed under K.S.A. 60-1507(f). Ballard's motion, files, and records of the case conclusively show that he is not entitled to any relief. Thus, the district court did not err in summarily denying Ballard's K.S.A. 60-1507 motion.

Affirmed.