NOT DESIGNATED FOR PUBLICATION

No. 126,608

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TEILL REYNOLDS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; AARON T. ROBERTS, judge. Submitted without oral argument. Opinion filed February 21, 2025. Affirmed.

*Joseph A. Desch*, of Law Office of Joseph A. Desch, of Topeka, for appellant.

*Kayla L. Roehler*, deputy district attorney, *Mark A. Dupree Sr.*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before ARNOLD-BURGER, P.J., BRUNS and PICKERING, JJ.

PER CURIAM: Teill Reynolds appeals the district court's summary denial of his most recently filed motion to correct an illegal sentence. On appeal, Reynolds contends that the district court erred in summarily denial his motion because the district court's decision was based on a prior order placing filing restrictions on him that was allegedly entered without jurisdiction. In response, the State contends that even if this is true, Reynolds' motion is barred under the doctrine of res judicata. Based on our review of the record, we conclude that a summary denial of the motion to correct an illegal sentence was appropriate on res judicata grounds. Thus, we affirm.

1

In 2011, a jury convicted Reynolds of two counts of rape of a child under 14 years of age and one count of battery. His convictions were later affirmed on direct appeal and the underlying facts are set forth in *State v. Reynolds*, No. 109, 674, 2014 WL 6909523 (Kan. App. 2014) (unpublished opinion) (*Reynolds I).* Accordingly, we will not repeat them here.

Significant to the issue presented in this case, the jury was instructed that the parties had stipulated that Reynolds was over the age of 18 and that the victim was under 14 years of age at the time the crimes were committed. Likewise, the record reflects that Reynolds did not object to the jury instructions. Applying K.S.A. 2010 Supp. 21-4643(a)(1)(B) (now K.S.A. 21-6627), the district court sentenced Reynolds to concurrent life sentences—without the possibility of parole for 25 years—on the two rape convictions. The district court also imposed a concurrent six-month sentence on the battery conviction.

Since his convictions were affirmed, Reynolds has filed multiple motions in the district court as well as numerous appeals in this court. He filed his first motion to correct an illegal sentence in 2015. He alleged that his sentence was illegal because neither the charging document nor the jury instructions required a finding that he met the statutory sentencing requirement. The district court denied his motion and a panel of this court subsequently upheld that denial in *State v. Reynolds*, No. 118,961, 2018 WL 5851617, at *1-2 (Kan. App. 2018) (unpublished opinion.) (*Reynolds II)*. Reynolds then filed several more unsuccessful motions and appeals. See *Reynolds v. State*, No. 119, 374, 2019 WL 5280795, at *6 (Kan. App. 2019) (unpublished opinion) (*Reynolds III)*; *State v. Reynolds*, No. 123,592, 2021 WL 3823457, at *2 (Kan. App. 2021) (unpublished opinion) (*Reynolds IV*).

On March 3, 2021—while *Reynolds IV* was pending before this court—the case was remanded to the district court "for the limited purpose of allowing for the appointment of appellate counsel." According to the order remanding the case, the Court of Appeals continued to "retain jurisdiction over this appeal." While the case was on remand, the Chief Judge of the Wyandotte County District Court entered an order placing filing restrictions on Reynolds in this case and several other cases. In doing so, the Chief Judge found that "[t]he filings by Reynolds and his arguments have become duplicative, repetitious, frivolous and without merit." Shortly thereafter, the district court appointed appellate counsel on behalf of Reynolds in this case and returned it to the Court of Appeals.

On April 19, 2022, this court issued a mandate affirming the district court's decision in *Reynolds IV*, 2021 WL 3823457, at *2. About a year later, Reynolds filed the motion to correct an illegal sentence that is the subject of this appeal. This motion presented the same claims as several of his previous motions which centered on the State's supposed failure to present evidence of his actual age at the time of offense during trial, in the charging document, and failed to request the jury be instructed on the same and, as a result, that his off-grid (hard 25) life sentence was illegal. The district court summarily denied Reynolds' motion based on his failure to comply with the filing restrictions order.

Thereafter, Reynolds timely appealed.

ANALYSIS

The sole issue presented on appeal is whether the district court erred in summarily denying Reynolds' motion to correct an illegal sentence. Reynolds argues that because the prior order—issued by the Chief Judge placing filing restrictions on him—was entered while this court retained jurisdiction in *Reynolds IV*. Thus, it could not properly be relied

upon to summarily deny the filing of the motion that is the subject of this appeal. In response, the State argues that even if this is true, the district court's summary denial should be affirmed under the doctrine of res judicata.

Assuming that the district court did not have jurisdiction to enter the order restricting further filings in this case while the appeal in *Reynolds IV* was pending, we turn to whether the district court's summary dismissal of the current motion to correct an illegal sentence was right for the wrong reason. As the State correctly asserts, we may affirm a district court's ruling even if an alternate rationale than that expressed by the court supports said decision. *State v. Smith*, 309 Kan. 977, 986, 441 P.3d 1041 (2019) (quoting *State v. Reid*, 286 Kan. 494, 510, 186 P.3d 713 [2008]) ("'[T]he trial court will not be reversed if it is right, albeit for the wrong reason.'").

When a district court summarily denies a motion to correct an illegal sentence, we apply a de novo standard of review because we have the same access to the motion, records, and files as the district court. *State v. Alford*, 308 Kan. 1336, 1338, 429 P.3d 197 (2018). Here, the State suggests two alternate bases for affirming the district court: (1) that Reynolds' claims are barred by the doctrine of res judicata; and (2) that Reynolds has failed to assert an illegal sentence claim. Because we find that the doctrine of res judicata requires that we deny his motion to correct an illegal sentence, we need not reach the merits of his jurisdiction claim.

We also exercise unlimited review over whether a claim is barred under res judicata. *Herrington v. City of Wichita*, 314 Kan. 447, 450, 500 P.3d 1168 (2021). The doctrine of res judicata provides that a judgment "'is res judicata as to all issues actually raised, and those issues that could have been presented, but were not presented, are deemed waived.'" *Bogguess v. State*, 306 Kan. 574, 579-80, 395 P.3d 447 (2017) (quoting *State v. Kingsley*, 299 Kan. 896, 901, 326 P.3d 1083 [2014]). As our Supreme Court has held, a previous judicial determination on the legality of a sentence precludes later efforts

4

to relitigate a prior claim. *State v. Murdock*, 309 Kan. 585, 592, 439 P.3d 307 (2019); see *State v. Martin*, 294 Kan. 638, 641, 279 P.3d 704 (2012) ("A motion to correct an illegal sentence cannot be used as a vehicle to 'breathe life' into an appellate issue previously determined against the defendant.").

Generally, the conclusion of a direct appeal after a defendant's conviction satisfies the requirement for a final judgment on the merits for the purposes of determining res judicata. *Kingsley*, 299 Kan at 901. Here, Reynolds does not deny that he has previously raised the same claims as those asserted in his current motion to correct an illegal sentence. Nevertheless, Reynolds maintains that the previous appellate panels failed to rule on the merits of his claim.

While his direct appeal was pending, Reynolds filed his first motion to correct an illegal sentence. Subsequently, the district court denied his motion and he again appealed to this court. In his motion, Reynolds argued—among other things—that the district failed to give an instruction regarding whether he was age 18 or older and the State failed to present evidence of his age. This argument was made even though the jury was instructed that the parties had stipulated that Reynolds was over the age of 18 and that the victim was under 14 years of age at the time of the incident.

On appeal, a panel of this court concluded that his claim was a challenge to the charging document and as such was not a proper motion to correct an illegal sentence under *State v. LaMae*, 303 Kan. 993, 993-94, 368 P.3d 1110 (2016). *Reynolds II*, 2018 WL 5851617, at *2. A review of the record reveals that Reynolds did not seek judicial review in *Reynolds II*. Consequently, the opinion became final, and a mandate was issued on December 21, 2018.

Before the decision in *Reynolds II* became final, Reynolds filed a motion under K.S.A. 60-1507 making similar claims to those set forth in his first motion to correct an

5

illegal sentence. After the mandate was issued in *Reynolds II*, the district court denied the K.S.A. 60-1507 motion and Reynolds appealed. A panel of this court found, on the merits, that the failure to include Reynolds' age in the charging document did not deprive the district court of jurisdiction. In reaching this decision, the panel relied on *State v. Dunn*, 304 Kan. 773, 813, 375 P.3d 640 (2016), for the proposition that charging document deficiencies do not remove subject matter jurisdiction over a criminal case. The panel found that the charging document listed Reynolds' age as eighteen or more years old at the time of each alleged offense. *Reynolds III*, 2019 WL 5280795, at *4. Although Reynolds petitioned for review in *Reynolds III*, it was denied by the Kansas Supreme Court. See 311 Kan. 1046.

In *Reynolds IV*, Reynolds filed another motion to correct an illegal sentence relating to a different issue than the one presented here. That motion was also summarily dismissed and affirmed by a panel of this court on appeal. 2021 WL 3823457, at *2. Once again, Reynolds petitioned for review, which our Supreme Court denied. 315 Kan. 971 (2022).

In this—Reynolds' fifth appeal—he continues to make substantially similar—if not identical—arguments that he made in *Reynolds II and Reynolds III*. In his brief, he argues that the State failed to include his age in the charging document, failed to present evidence of his actual age at trial, and failed to request that the jury be instructed on the same. As a result, he argues the elements of his criminal offenses were not satisfied and his sentence is illegal. He relies on K.S.A. 22-3504(c)(1), claiming that his sentence is illegal since the district court lacked the jurisdiction to impose it.

The record and this court's previous rulings illustrate that Reynolds' latest motion is a prime example of the "second bite at the illegal sentence apple" that our Supreme Court warned about in *Murdock*, 309 Kan. at 592-93. And while jurisdiction may be raised at any time, the same jurisdictional issue cannot be raised many times. Here, a

6

review of the record reveals that Reynolds raised the issue—presented in his current motion to correct an illegal sentence—several times before on appeal in multiple different ways. Accordingly, we conclude that the doctrine of res judicata bars his current motion.

Affirmed.